IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY BOYKIN,

    Plaintiff,

v.                                                Case No. 2:23-cv-02629-MSN-cgc

METHODIST LE BONHEUR HEALTHCARE,

    Defendant.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION IN PART, AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 17, "Report") entered April 22, 2024. The Report recommends that the Complaint be dismissed under Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket. (*Id*. at PageID 193.) The Report also recommends that Defendant's Motion to Dismiss (ECF No. 11) be denied as moot. On July 15, 2024, Plaintiff filed a document entitled "Plaintiff's Response to Defendant's Motion to Dismiss" (ECF No. 18), which the Court construes as untimely objections to the Report to the extent that they address the Magistrate Judge's findings. Defendant Le Bonheur Healthcare[1] ("Defendant") responded on July 29, 2024.

---

[1] In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff requested that Defendant's name be changed to "Methodist Le Bonheur Healthcare," as she originally filed the case against "Methodist Healthcare Hospital Germantown." (ECF No. 18 at PageID 194.) Defendant acknowledged this misnaming and confirmed the correct entity is "Methodist Le Bonheur Healthcare." (ECF No. 19 at PageID 198.) This correction does not impact the ruling of this Court.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

Plaintiff's filing on July 15. 2024, titled "Plaintiff's Response to Defendant's Motion to Dismiss" (ECF No. 18), raises certain arguments that the Court construes as objections to the Magistrate Judge's Report to the extent they address the findings.

As an initial matter, the Court notes that the Magistrate Judge's Report was entered on April 22, 2024. Under U.S.C. 28 § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff had fourteen (14) days from the date of service to file written objections. Plaintiff's objections were filed eighty-four (84) days after the Report was entered, rendering them untimely.

However, in the interest of justice, the Court has reviewed Plaintiff's objections. Plaintiff asserts that she is a single parent who has been very ill and financially unable to retain counsel and requests that the Court not dismiss her case. (ECF No. 18 at PageID 194–96.) Plaintiff explains that it was not her intent to willfully delay her response but claims she was unable to get a copy of the Defendant's Motion until recently. (*Id*. at PageID 196.)

To the extent that Plaintiff's objections challenge the Magistrate Judge's recommendation to dismiss Plaintiff's case for failure to prosecute, the Court addresses them accordingly.

## I. Dismissal for Failure to Prosecute

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." However, dismissal with prejudice is a harsh sanction that should only be imposed in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff. *Blount v. Patterson House*, No.

3

24-5049, 2024 U.S. App. LEXIS 16901, *4 (6th Cir. July 10, 2024) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Dismissal without prejudice is a comparatively lenient sanction, and the standards are relaxed because the plaintiff is not irrecoverably deprived of her day in court. *Id.* (citing *Muncy v. G.C.R., Inc.*, 110 F. Appx 552, 556 (6th Cir. 2004)).

The Court must consider four factors when determining whether dismissal is appropriate:

1. Whether the party's failure is due to willfulness, bad faith, or fault;
2. Whether the adversary was prejudiced by the dismissed party's conduct;
3. Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
4. Whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu*, 420 F.3d at 643 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999))

### 1. Willfulness, Bad Faith, or Fault

Plaintiff attributes her failure to comply with court orders and deadlines to illness, financial hardship, and difficulties obtaining court documents. (ECF No. 18 at PageID 194–96.) While the Court is sympathetic to Plaintiff's circumstances, the record demonstrates that Plaintiff failed to take necessary steps to prosecute her case.

Defendant filed its Motion to Dismiss on January 15, 2024. (ECF No. 11.) Under Local Rule 12.1(b), Plaintiff had twenty-eight (28) days to respond, making her response due by February 12, 2024. Plaintiff did not file a response by that date.

On February 15, 2024, the Magistrate Judge issued an Order to Show Cause, directing Plaintiff to respond to Defendant's Motion to Dismiss within fourteen (14) days and warning that failure to do so could result in dismissal of her case. (ECG No. 12.) Plaintiff responded on February 29, 2024, stating she had not received the Motion to Dismiss. (ECF Nos. 13, 14.) The

4

Court, on February 29, 2024, extended Plaintiff's deadline to respond to March 15, 2024. (ECF No. 15.) Despite this extension, Plaintiff failed to file any response by the new deadline.

Plaintiff consented to receive electronic filings through the Notice of Electronic Filing. (ECF No. 6.) On June 20, 2024, the docket reflects that Plaintiff contacted the Clerk's Office, stating she had not received the Report and Recommendation. The clerk confirmed that Plaintiff's email address on record was correct and mailed her a paper copy of the Report. Despite this, Plaintiff did not file her objections until July 15, 2024—nearly a month after the mailed copy was sent and eighty-four (84) days after the Report was entered.

**2. Prejudice to Defendant**

While Defendant did not argue that it has been prejudiced by Plaintiff's inaction, the Court must consider whether Defendant has suffered prejudice. The delay in prosecution hampers the efficient resolution of the case and may force Defendant to expend resources unnecessarily.

**3. Warning of Dismissal**

Plaintiff was expressly warned that failure to comply could result in dismissal of her case. The Magistrate Judge's Order to Show Cause stated:

> FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE.

(ECF No. 12 at PageID 186.) Also, the Magistrate Judge's Report itself included a clear warning:

> ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY

CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY

TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

(ECF No. 17 at PageID 3.)

**4. Consideration of Less Drastic Sanctions**

The Court and the Magistrate Judge have considered less drastic measures, including granting extensions and providing clear warnings to Plaintiff. However, Plaintiff did not avail herself of these opportunities. There is no indication that lesser sanctions would prompt compliance.

**II. Appropriate Sanction**

Given that dismissal with prejudice is a harsh sanction reserved for extreme cases, and considering that Plaintiff's conduct may not rise to the level of contumacious behavior, the Court finds that dismissal without prejudice is more appropriate. See *Muncy*, 110 F. App'x at 556 ("[T]he sanction of dismissal without prejudice is a comparatively lenient sanction and thus the controlling standards should be greatly relaxed.").

### CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation **IN PART**, and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). Defendant's Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 26th day of September, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

6